DJW/jkm

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ASH GROVE CEMENT COMPANY,

           Plaintiff,

v.                                              Case No. 05-2339-JWL-GLR

WAUSAU INSURANCE COMPANY,

           Defendant.

## MEMORANDUM AND ORDER

Plaintiff has filed a Motion to Appoint Pre-Trial Master (doc. 76). Pursuant to Fed. R. Civ. P. 53, it asks the Court to appoint a master to supervise the depositions of Rick Siegle and Frederick P. DeMott. The motion also seeks other relief: to direct defendant to produce them for their depositions within the District of Kansas; and to require defendant to pay all costs of the depositions, including those of the special master, video procedure, and travel expenses of defense counsel and the two witnesses to attend their depositions. Defendant opposes the motion and the appointment of a master as extreme, unnecessary, and inappropriate.

Fed. R. Civ. P. 53(a) authorizes the appointment of a master for a variety of purposes:

> **Rule 53.   Masters**
>    **(a)   Appointment.**
>         (1)   Unless a statute provides otherwise, a court may appoint a master only to:
>             (A)   perform duties consented to by the parties;
>             (B)   hold trial proceedings and make or recommend findings of fact on issues to be decided by the

>   > court without a jury if appointment is warranted by
>   >   (i) some exceptional condition, or
>   >   (ii) the need to perform an accounting or resolve a difficult computation of damages; or
>   > (C) address pretrial and post-trial matters that cannot be addressed effectively and timely by an available district judge or magistrate judge of the district.
>   (2) A master must not have a relationship to the parties, counsel, action, or court that would require disqualification of a judge under 28 U.S.C. § 455 unless the parties consent with the court's approval to appointment of a particular person after disclosure of any potential grounds for disqualification.
>   (3) In appointing a master, the court must consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay.

The current motion seeks applicability of Subsection 53(a)(1)(C), providing for appointment of a master to address pretrial matters "that cannot adequately be addressed effectively and timely by an available district judge or magistrate judge of the district."

In support of its motion plaintiff has submitted a transcript of the deposition of Rick Siegle. It proceeded December 12, 2006, at Chicago, Illinois. Plaintiff has also filed a DVD of the videotaped deposition. The Court has reviewed it, as well as the written submissions of both parties. The deposition reflects repeated colloquy of counsel, reflecting differences about the interrogation. Plaintiff argues that the conduct of defense counsel, especially at sixteen or more specified points of the deposition, created "exceptional circumstances." Plaintiff offers these to justify appointment of a master to complete the two depositions. Plaintiff describes the alleged misconduct as unfounded accusation, provocative statements, repeated objections, coaching of the witness, and refusal to allow the use of Exhibit 586 in

interrogating the witness.

Opposing the motion, defendant suggests that an occasional flare-up during a deposition is not uncommon and that the conduct of counsel in this case was not exceptional so as to justify appointment of a master. Defendant emphasizes that its counsel never at any time instructed the deponent not to answer a question. It did, however, strenuously object to the use of Exhibit 586.

The motion asks the Court to determine from one deposition whether the conduct of counsel has so degenerated as to require supervision by a master. Plaintiff has pointed to a number of instances of alleged misconduct by defense counsel. The first relates to an "unfounded accusation that plaintiff's counsel made spirited and provocative statements." Before the testimony began, each attorney made a statement for the record. The attorney for plaintiff asked for confirmation that defense counsel had now made available "the claim log or the Aces Notes," after earlier assurance it did not exist. Defense counsel replied, "Well, you don't get to ask me questions. And your spirited and provocative way in making those questions sort of commands that I not answer it. Why don't you finish your record." Transcript, p. 5, lines 20-24. By itself the reply was a peccadillo, though discourteous, provocative, and personal. A poor way to begin a deposition.

Plaintiff highlights the other instances of alleged misconduct of defense counsel by reference to page and line numbers of the transcript. The Court finds most, but not all, of the allegedly offensive objections and statements of defense counsel to be argumentative, unnecessary, and in violation of Fed. R. Civ. P. 30(d)(1) and Paragraph 5.(a) of the Deposition Guidelines of this Court:

1.  P. 23, lines 13-24: The objection is argumentative and unnecessary.

2.  P. 25, lines 3-5: The comments of defense counsel coach the witness.

3.  P. 29, lines 14-18: The objection is argumentative and unnecessary.

4.  P. 30, line 22, to p. 31, line12: The objection is argumentative, unnecessary, and coaches the witness.

5.  P. 32, line 17, to p. 33, line 4: The objection is argumentative, unnecessary, and coaches the witness.

6.  P. 33, lines 17-20: The objection is argumentative and unnecessary.

7.  P. 34, lines 4-11: Nothing more than an argumentative interruption.

8.  P. 35, line 15-20: The objection is argumentative and unnecessary.

9.  P. 37, lines 7-9: The objection is argumentative and unnecessary.

10. P. 39, lines 1-9: The objection is unnecessary and argumentative. In a strict sense the objection is an argumentative interruption; because the witness has already answered the question. The Court otherwise construes this objection as going to the form of the question and therefore acceptable.

11. P. 43, lines 19-21: The objection is argumentative, unnecessary and coaches the witness.

12. P. 44, lines 5-11: The Court construes the objection as going to the form of the question and acceptable.

13. P. 44, lines 20-24: The objection is argumentative and unnecessary.

14. P. 45, lines 10-14: The Court construes the objection as going to the form of the question and acceptable.

15. P. 47, line 1, to p. 59, line 20: Colloquy regarding Exhibit 586.

16. P. 61, line 9, to p. 62, line 9: The objection is argumentative, and the interruption coaches the witness.

17. P. 62, line 16, to p. 65, line 20: Colloquy of counsel about documents provided by defendant to plaintiff.

18. P. 66, lines 21-24: The objection goes to the form of the question and is acceptable.

19. P. 69, line 2, to p. 70, p. 20: The objection that a hypothetical question is incomplete goes to the form of the question and is acceptable; but some of the continued statement by counsel becomes argumentative and unnecessary.

Fed. R. Civ. P. 30 does not prohibit objections during a deposition. But it does discourage objections, except to preserve a privilege or work product or to address the form of a question. Both the rule and the Deposition Guidelines of this Court require objections to be concise, non-argumentative and non-suggestive. Implicit in the rule and explicit in the guidelines is the expectation that counsel will cooperate and be courteous to each other and to deponents.

During the deposition here in question defense counsel violated both Rule 30 and the guidelines. He asserted argumentative, unnecessary objections and coached the witness by his explanations. With respect to many of the objections, defense counsel was perhaps indulging in what attorneys often tolerate from one another and treat as routine deposition practice, without much concern about risking rule violations. Rule 30(d)(3) calls for an appropriate sanction against this practice, however, if the Court finds that such conduct "has

frustrated the fair examination of the deponent." In this instance the Court makes such a finding, based upon the unnecessary, argumentative objections and suggestions, as noted above, and will impose a monetary sanction.

The Court declines to appoint a master to supervise the completion of the two depositions. As already noted, Rule 53.(a)(1)( C) authorizes appointment of a master to address pretrial matters ". . . that cannot be addressed effectively and timely by an available district judge or magistrate judge of the district." Whether or not to make such an appointment addresses the discretion of the Court. "In appointing a master, the court must consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay." Fed. R. Civ. P. 53.(a) (3). Rule 53 further contains its own procedure for the master to file his orders, reports, or recommendations and for the Court to act upon them after affording the parties opportunity for objections and hearing. The Advisory Notes to the 2003 Amendments to Rule 53(a)(1) indicate that, "A master should be appointed only in limited circumstances." It further suggests that, "A pretrial master should be appointed only when the need is clear." Nothing in the rule would preclude the Court from making such an appointment to complete two depositions. The Advisory Notes to Rule 53, nevertheless, generally contemplate the appointment of a master in situations that have some inherent complexity, technical issues that call for someone with a specific expertise, or even to pursue some policing or investigation outside the traditional role of judicial officers.

By contrast, this case involves a single claim by a single plaintiff to recover benefits and statutory attorneys fees upon a single policy of insurance issued by defendant against

property damage to a cement plant and buildings. One plaintiff; one defendant. The defenses in the amended answer consist of denials and assertion of specific policy provisions. Plaintiff has one attorney of record. Defendant has three, only one of whom participated in the deposition that has led to the instant motion. In its responsive memorandum defendant states that the parties have completed 31 depositions with ". . . no imbroglios, no discovery motions and no telephone calls to the court." In reply plaintiff does not deny that assertion. The record does reflect one call to the Court, however, at the outset of an earlier deposition, to determine whether or not more than one attorney for a party could examine a deponent. The Court otherwise finds nothing to suggest that counsel have incurred discovery problems before the deposition of Mr. Siegle. The amended scheduling order sets forth a discovery deadline of March 1. This case hardly begs for appointment of a master to preside over whatever depositions may remain.

More appropriately, the status of this case calls for the attorneys to wrap up their differences, cool whatever emotional heats may still exist, and get on with the litigation. Were it to appoint a master upon the record before it, this Court would assume that two competent and apparently experienced trial lawyers here are simply so devoid of adult maturity, social graces, professional skill, common sense, and a capacity to cooperate–as to require some other mature lawyer, i.e. a master, to now enter their litigation and watch over them. The Court declines to indulge in that kind of negative assumption upon the record before it. It will instead expect them to complete their depositions with mutual cooperation and courtesy. If they must still resort to the Court, they can pursue an oral motion in a telephone conference, as noted by Section 9 of the Deposition Guidelines. If the Court is not

available, either party may suspend a deposition and pursue a motion under Fed. R. Civ. P. 30(d)(4).

An issue remains as to the prospective use of Exhibit 586. Consisting of a single page, it bears the title, "SCHEDULE FOR COMPLIANCE WITH NOTICE REQUIREMENTS OF K.A.R. 40-1-34 OF THE KANSAS INSURANCE DEPARMENT." Lines near the top of the page bear a number and a date respectively for "Claim/Policy No." and "D/Loss." The exhibit describes in sequence incremental steps for handling an insurance claim, apparently the one that is the subject of this case. One or more blank lines appear opposite the description of each step. Six of the blank lines contain typewritten dates, beginning with September 10, 2001, and ending with January 24, 2002.

When counsel for plaintiff produced Exhibit 586, the witness replied upon inquiry that he did not recognize it. Counsel then asked whether the deponent would recognize it, if "the Knipmeyer, McCann, Smith, Manz & Gotfredson logo" had been left at the bottom of it. After objections and colloquy between counsel, the witness answered, "I don't know if I would or not. I honestly don't recall this form." The record characterizes the exhibit as using a form created by counsel for plaintiff as a teaching tool for insurance classes. He intended to elicit testimony from the deponent to establish its foundation.

Defendant objected to the exhibit, primarily upon grounds it was created by counsel for plaintiff as a false representation of a Kansas Insurance Department form, with additions by counsel: "It's a manufacture of evidence on what appears to be a Kansas Insurance Department form. . . ." ". . . (Y)ou have created a fraudulent expression. . . ." Counsel for plaintiff had filled in the dates on the form, ostensibly based on the claim file. He had

excised the logo from the exhibit. Defendant proposed to suspend the deposition and file an opposing motion, if plaintiff continued to use it to interrogate the witness.

The Court does not fault plaintiff or its counsel for using Exhibit 586 to interrogate the deponent. Nor at this point can it determine whether or not plaintiff should have produced it earlier to defendant as a disclosure. The record also appears inadequate to determine whether plaintiff proposes to elicit testimony that Mr. Siegle has previously seen and perhaps used Exhibit 586 in the course of handling the claim in question. As an exhibit created by counsel, it conceivably may have no independent value as substantive evidence. Yet plaintiff may instead intend to use it simply as a demonstrative aid to clarify the testimony. In either event plaintiff should have the privilege of using the exhibit to complete the depositions, but only if the witness can either lay a foundation for it or otherwise agree that it would aid his testimony.

The Court also does not fault defendant for objecting to the exhibit, even though the objections may not survive to defeat its use in discovery. The Court views Exhibit 586 as bearing the appearance of an official document of the Kansas Insurance Department. For the most part it appears to adopt language of Kansas Administrative Regulations, but not in every detail. Omission or abbreviation of some details may be irrelevant, but at this point the Court cannot determine that. The Court also cannot determine the significance, if any, of the excised logo of a law firm of whom the local counsel for defendant was formerly a member. Counsel for plaintiff admittedly prepared the exhibit. Whether or not justified in not earlier producing it as a disclosure, he apparently surprised defense counsel with its initial production at the point of interrogating the witness about it. Given this curious combination

of circumstances, the Court finds that defense counsel had a legitimate reason for objecting and insisting it not be used without seeking a ruling by the Court. The interrogator possibly exercised some questionable judgment in his production and proposed use of the exhibit. Contrary to the accusations of defense counsel at the deposition, however, the Court does not find that the attorney for plaintiff thereby committed fraud or trickery.

Upon the reconvening the deposition of Rick Siegle, plaintiff may use Exhibit 586 upon the following conditions: Mr. Siegle has already testified he does not recognize the exhibit. He said he does not know if he would recognize it, if it bore the excised logo. If plaintiff has reason to believe that the deponent has any knowledge of the exhibit, it may pursue further interrogation to refresh his memory. If his memory is refreshed, plaintiff may interrogate further to ascertain such knowledge. If on the other hand the witness still denies knowledge of the exhibit or its use, plaintiff may yet inquire if it would nevertheless help him to illustrate, clarify, or explain his testimony. If the answer is affirmative, plaintiff may proceed to additional interrogation with the aid of the exhibit. If the deponent replies in the negative to both foregoing questions, plaintiff shall refrain from further use of Exhibit 586 in interrogating him.

In summary, the Court sustains in part and overrules in part the Motion to Appoint Pre-Trial Master (doc. 76). It orders sanctions against defense counsel Stephen P. Eisenberg in the amount of $500 for violation of Fed. R. Civ. P. 30(d) and Section 1. of the Deposition Guidelines of this Court. Within 30 days of the date of this order defense counsel shall pay said sanction to plaintiff and its attorney for unnecessarily creating additional deposition expense and shall file with the Court either a receipt or an affidavit to show such payment.

The Court further directs defense counsel to familiarize himself with the Deposition Guidelines of this Court, if he has not already done so. The Court overrules the requests for appointment of a master and for additional orders as to the location and expenses for the depositions of Rick Siegle and Frederick P. DeMott. The Court directs counsel for both plaintiff and defendant to co-operate in scheduling the depositions at an early date and for obtaining the attendance of the deponents. Plaintiff may use Exhibit 586, subject to the conditions hereinabove set forth.

    IT IS SO ORDERED.

    Dated this 1st day of March 2007 at Kansas City, Kansas.

                                               s/ Gerald L. Rushfelt
                                               GERALD L. RUSHFELT
                                               U.S. MAGISTRATE JUDGE

cc:    All counsel and *pro se* parties