GLR/dh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ASH GROVE CEMENT,

        Plaintiff,

v.                                                                 No. 05-2339-JWL

EMPLOYERS INSURANCE OF WAUSAU,

        Defendant.

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion for Leave to File its Second Amended Answer and Affirmative Defenses to Plaintiff's Complaint (doc. 108). Defendant seeks to add to its answer several affirmative defenses relating to provisions of the insurance policy upon which Plaintiff asserts its claim in this case. Plaintiff objects to the motion upon grounds of undue prejudice, futility, waiver and estoppel. For the reasons discussed below, the motion for leave to file is sustained in part and overruled in part.

**I.    Factual Background**

Plaintiff Ash Grove Cement brings this action against Defendant Employers Insurance Company of Wausau for breach of contract under a Builder's Risk insurance policy. Plaintiff filed its Complaint on August 3, 2005. Defendant filed its Answer and Affirmative Defenses to Plaintiff's Complaint (doc. 3) on October 3, 2005, in which it asserted its First through Eleventh Affirmative Defenses.

Defendant thereafter filed a Motion for Leave to File Amended Answer and Affirmative Defenses, which the Court granted on July 25, 2006. Defendant filed its Amended Answer and

1

Affirmative Defenses to Plaintiff's Complaint (doc. 56) on July 26, 2006.  The Amended Answer sets forth six Affirmative Defenses and includes a provision that purports to reserve the right to allege affirmative defenses as discovery may reveal.

Defendant now seeks leave to file its Second Amended Answer and Affirmative Defenses to Plaintiff's Complaint to add several affirmative defenses, relating to provisions of the insurance policy.

## II.     Legal Standard

Federal Rule of Civil Procedure 15(a) allows a party to amend the party's pleading once as a matter of course before a responsive pleading is served.[1]  Subsequent amendments are allowed only by leave of court or by written consent of the adverse party.[2]  Leave to amend, however, is to be "freely given when justice so requires,"[3] and the Supreme Court has emphasized that "this mandate is to be heeded."[4]  The decision to grant leave to amend, after the permissive period, is within the discretion of the district court and will not be disturbed absent an abuse of that discretion.[5]

Leave to amend should be denied, when the court finds " undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[6]  In addition, the court may properly refuse leave to amend if a party

---

[1] Fed. R. Civ. P. 15(a).

[2] *Id.*

[3] *Id.*

[4] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[5] *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

[6] *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993).

knew or should have known of the facts upon which the proposed amendment is based but failed to include the allegations in its original pleading.[7] Leave to amend is a matter committed to the court's sound discretion and is not to be denied without the court giving some reason or cause on the record.[8] In exercising its discretion, the court must be mindful that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities.[9]

## III.    Discussion

Plaintiff states that it does not object to Defendant's proposed Affirmative Defenses Nos. 1 and 8. It does object to the inclusion of Affirmative Defense Nos. 2, 4, 6, 7, and 9 for the reason that none of these defenses or policy exclusions were asserted in Defendant's September 6, 2002 denial letter. Plaintiff objects to the inclusion of Affirmative Defense Nos. 2, 4, and 5 as being waived because they were not asserted in the original Answer, and it objects to Affirmative Defense Nos. 6 and 9 as not being asserted in the First Amended Answer. It further objects to the inclusion of Affirmative Defense No. 6 and 9, and the inclusion of the phrase "inherent vice" in Affirmative Defense No. 3, based on futility, prior knowledge of facts giving rise to the proposed amendment, and undue prejudice.

Plaintiff concedes that the First Amended Answer, filed without objection July 26, 2006, contains what are designated in the present motion as Affirmative Defenses No. 2, 4, 5, and 7. The Court view the objections to these defenses, therefore, as moot. It will sustain the motion to include those defenses.

---

[7]*Steinert v. The Winn Group, Inc.,* 190 F.R.D. 680, 684 (D. Kan. 2000) (citing *State Distribs., Inc. v. Glenmore Distilleries Co.,* 738 F.2d 405, 416 (10th Cir. 1984)).

[8]*Federal Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).

[9]*Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989).

### A.     Futility—Waiver and Estoppel

Plaintiff primarily objects to Defendant's motion for leave to file an amended answer on the grounds of futility. A court may deny a proposed amendment as futile, if it would not withstand a motion to dismiss or if it otherwise fails to state a claim.[10] In order to determine whether the proposed amendment is futile, the court must analyze the proposed amendments as if they were before the court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[11] A motion for leave to amend should be granted over objections of futility, unless it appears beyond doubt that the defendant can prove no set of facts in support of its defense.[12] In evaluating objections of futility, the court accepts as true all well-pleaded factual allegations in the answer and motion for leave and draws all reasonable inferences from those facts in favor of the defendant.[13] In reviewing the sufficiency of the affirmative defense, the court does not determine whether the defense will prevail, but whether the defendant is entitled to offer evidence to support its defense.[14]

Plaintiff contends that Defendant has waived some of the affirmative defenses it seeks now to include in the second amended answer, inasmuch as it did not include them either in its denial letter or in its first amended answer. The general rule in Kansas provides that when an insurer bases its refusal to pay a loss upon a forfeiture or failure to comply with particular policy conditions, it

---

[10]*Beach v. Mutual of Omaha Ins. Co.*, No. 02-2124, 2003 WL 144685, at *2 (D. Kan. Jan. 3, 2003) (citing *Lyle v. Commodity Credit Corp.*, 898 F. Supp. 808, 810 (D.Kan. 1995)); *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992).

[11]*Id.*

[12]*Conley v. Gibson*, 355 U.S. 41, 45–46 (1957); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[13]*See Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987).

[14]*See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

cannot thereafter maintain a defense based upon another policy condition of which it knew but did not invoke in its initial refusal to pay.[15] Waiver and estoppel, however, cannot be used to expand the scope of coverage of a particular insurance policy.[16]

To estop Defendant from asserting certain exclusions could have the effect of broadening the scope of the policy. Defendant should not be estopped, furthermore, from asserting multiple exclusions as a defense to liability simply because it failed to mention each and every potentially applicable exclusion in its denial letter.[17] The Court does not find estoppel to be a justifiable reason for denying the motion to amend the answer.

### B.     Delay—Prior Knowledge of Facts

Untimeliness or undue delay is cause for denying leave to amend without any showing of prejudice to the other party.[18] If the movant has been aware of the facts on which the amendment is based for some time prior to the motion for leave to amend, the Court may properly deny the motion for failure to demonstrate excusable neglect.[19] Defendant asserts that its present request for amendment of the answer is to conform the pleading to the theories and evidence developed through pretrial discovery. Neither Plaintiff nor Defendant argues that new discovery will be required as a result of the amendment. Neither party contends that the amendment will necessitate the alteration

---

[15]*Pacific Indem. Co. v. Berge*, 205 Kan. 755, 767, 473 P.2d 48, 57 (1970).

[16]*Aks v. Southgate Trust Co.*, 844 F. Supp. 650, 659 (D. Kan. 1994) (citing *Ron Henry Ford, Lincoln, Mercury, Inc. v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 8 Kan. App. 2d 766, 769, 667 P.2d 907, 909 (1983)).

[17]*Aks,* 844 F. Supp. at 660.

[18]*Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

[19]*Federal Ins.*, 823 F.2d at 387.

of the Court's Fourth Revised Scheduling Order. Accordingly, the Court does not find that the proposed amendments will cause any material delay.

**C.     Prejudice**

Prejudice under Fed. R. Civ. P. 15 means undue difficulty in defending a lawsuit because of a change of tactics or theories on the part of the other party.[20] A review of the proposed amendment of the affirmative defenses shows that there does not appear to be a change of tactics or theory on Defendant's part. Most of the affirmative defenses have previously been plead either in the original answer or the first amended answer. Plaintiff has not previously objected to any of the affirmative defenses contained in prior pleadings. Affirmative Defense No. 8 had not previously been pled, but Plaintiff had knowledge of the defense and does not object to it. The only opposed affirmative defense that had not previously appeared in an answer is part of Affirmative Defense No. 3, i.e., the phrase "inherent vice." However, this language did appear in the denial letter. Furthermore, affirmative Defense No. 3 was pled in the original answer and the first amended answer without the phrase "inherent vice," but with a specific reference to exclusion 9(d)(1) of the policy, where the phrase is found. The Court does not find that inclusion of this affirmative defenses in the second amended answer causes surprise to Plaintiff. Accordingly, the Court finds that Plaintiff is not prejudiced by the addition of these affirmative defenses.

Plaintiff objects that Affirmative Defense No. 6[21] is overly broad and does not give fair notice of the defense upon which Defendant is relying. The Court agrees with Plaintiff on this point. The

---

[20]*Heslop v. UCB, Inc.*, 175 F. Supp. 2d 1310, 1313 (D. Kan. 2001).

[21]Affirmative Defense No. 6 states, "Defendant asserts as an affirmative defense all the terms and conditions of the Employers Insurance of Wausau policy."

6

claim of Plaintiff and the material defenses to that claim are all premised, of course, upon terms and conditions of the policy.  But they relate to specific terms and conditions that are material to the particular facts of this case.  In the remainder of their pleadings the parties have appropriately specified which of the terms and conditions are material.  Plaintiff has the right to know which of the terms and conditions Defendant invokes to defeat the claim.  Affirmative Defense No. 6 adds nothing of consequence.  The Court will therefore overrule the motion with regard to that proposed defense.

## IV.     Conclusion

Plaintiff has not shown that Defendant's motion for leave to amend will cause undue prejudice, cause undue delay, or be futile, except as to proposed Affirmative Defense No. 6.  The Court will sustain in part and overrule in part Defendant's Motion for Leave to File its Second Amended Answer and Affirmative Defenses to Plaintiff's Complaint  (doc. 108).  Defendant may forthwith file Defendant's Second Amended Answer and Affirmative Defenses to Plaintiff's Complaint, except for the inclusion of the proposed Affirmative Defense No. 6.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 18th day of July, 2007.

s/ Gerald L. Rushfelt  
Gerald L. Rushfelt  
United States Magistrate Judge