**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

ASH GROVE CEMENT,

      Plaintiff,

v.                                              Case No. 05-2339-JWL

EMPLOYERS INSURANCE OF WAUSAU,

      Defendant.

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Compel Plaintiff's Answers to Certain Requests for Admission (doc. 107). Defendant seeks an order to compel Plaintiff to amend its answers and admit the 41 separate requests for admission in dispute, or in the alternative, for the Court to deem them admitted. For the reasons stated below, the Court sustains the motion in part and overrules it in part.

Federal Rule of Civil Procedure 36 governs requests for admission. Rule 36(a) provides in pertinent part:

> A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.
>
>                           *      *      *
>
> If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for

failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.

The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served.[1]

Requests for admission serve "two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be."[2] "The purpose of a request for admissions generally is not to discover additional information concerning the subject of the request, but to force the opposing party to formally admit the truth of certain facts, thus allowing the requesting party to avoid potential problems of proof."[3]

A party responding to a request for admission must make a good faith effort to obtain information so that it can admit or deny the request.[4] This requires the party to commit itself on the record to having made reasonable inquiry to ascertain the truth if it is reasonably within its power

---

[1] Fed. R. Civ. P. 36(a).

[2] Fed. R. Civ. P. 36 advisory committee's note (1970 Am.).

[3] *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.,* Civ. A. No. 94-2395-GTV, 1995 WL 625744, at *1 (D. Kan. Oct. 5, 1995) (quoting *Hurt v. Coyne Cylinder Co.*, 124 F.R.D. 614, 615 (W.D. Tenn. 1989)).

[4] *Id.* at *2.

2

to do so.[5]  In other words, Fed. R. Civ. P. 36 imposes a duty on the responding party to make a reasonable inquiry to determine its ability to admit or deny.[6]  A party unable to admit or deny a request must provide a detailed explanation to describe its inability.[7]  A sufficient response must "fairly meet the substance of the requested admissions."[8]  Determining the sufficiency of a response is within the discretion of the court.[9]

**I.     Requests for Admission at Issue**

Defendant seeks an order to compel Plaintiff to amend its answers and admit Defendant's Request for Admission Nos. 11, 20-22, 32, 38, 52, 65, 81-82, 84, 89, 91, 102-03, 141-42, 151, 154, 157-60, 164, 167-68, 208-09, 215-19, 225, 250-51, 254, 257, 323, 325 and 349.  Plaintiff states in response to the motion that it has separately filed supplemental responses to Request Nos. 11, 38, 81, 91, 157, 164, 218-19, 254, 323 and 325 and, therefore, these requests are no longer at issue. For those remaining, the Court will characterize them by two separate categories.  The first category consists of requests that Plaintiff denied in whole or part.  They include Request Nos. 20-22, 32, 52, 65, 89, 103, 141-42, 151, 158-60, 167-168, 208-09, 250-251, 257, and 349.  The second category consists of requests that Plaintiff did not answer but to which it asserted objections.  It includes Request Nos. 82, 84, 102, 154, 215-17, and 225.

    **A.     Requests for Admission Answered by Plaintiff**

---

[5]*Id.*

[6]*Harris v. Oil Reclaiming Co., LTD.*, 190 F.R.D. 674, 679 (D. Kan. 1999).

[7]*Hay & Forage Indus. v. Ford New Holland, Inc.*, 132 F.R.D. 687, 694 (D. Kan. 1990).

[8]*Harris*, 190 F.R.D. at 677.

[9]*Id.*

Plaintiff denied either in whole or in part the requests in the first category. They include Request Nos. 20-22, 32, 52, 65, 89, 103, 141-42, 151, 158-60, 167-168, 208-09, 250-251, 257, and 349. Defendant initially moved to compel further responses. An answer to a request for admission, however, is not subject to a conventional motion to compel.[10] Rule 36(a) does authorize a motion to determine the sufficiency of the answers or objections. The Court will, therefore, treat the motion as one to determine the sufficiency of Plaintiff's answers.

Defendant urges the Court either to order Plaintiff to amend its answers to the requests for admission or to deem them admitted. In support of such relief, Defendant submits that admission of the requests is appropriate; because evidence obtained in discovery substantiates them. Defendant argues that Plaintiff's denials contradict the evidence and should not be allowed to stand.

Reviewing the responses to these requests, the Court finds them sufficient. Although the Court may deem a request admitted, Rule 36 does not mandate admissions. It exposes the responding party to possible sanctions, if a denial unreasonably causes a requesting party to incur the expense of proof. But the election to admit or deny belongs to the party responding to the requests. Defendant suggests that Plaintiff must admit the requests because the evidence is too overwhelming to justify any denials. Defendant offers no authority for such a proposal. The Court otherwise knows of none. The Court does not at this point determine the merit or lack of merit for the substantive content of a request for admission. This is not a dispositive motion. Neither the Federal Rules of Civil Procedure nor the Rules of Practice of the United States District Court for the

---

[10]*Cont'l Cas. Co. v. Brummel*, 112 F.R.D. 77 (D. Colo. 1986) (citing 4A Moore, *Federal Practice* 36.06 (2d ed. 1984)).

4

District of Kansas, furthermore, require parties to explain a denial.[11]  If Defendant later proves a denied matter is true, Federal Rule of Civil Procedure 37(c)(2) provides proper recourse.  The Rule states:

> If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.  The court shall make the order unless it finds that (A) the request was held objectionable pursuant to Rule 36(a), or (B) the admission sought was of no substantial importance, or (C) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (D) there was other good reason for the failure to admit.[12]

Accordingly, the Court denies the motion as to Request for Admission Nos. 20-22, 32, 52, 65, 89, 103, 141-42, 151, 158-60, 167-168, 208-09, 250-251, 257, and 349.

### B. Requests for Admission to Which Plaintiff Objected

The second group of requests include those to which Plaintiff objected and did not otherwise respond: Nos. 84, 102, 154, 215-17, and 225.  Rule 36(a) permits a party to object to a request for admission. The rule also requires that party to state the reasons for the objection.   A party who objects to a request for admission or asserts an inability to admit or deny it has the burden of persuasion to justify its objection.[13]  If the court finds the objections invalid or improper, it will

---

[11] *Scherer v. GE Capital Corp.*, No. 99-2172-GTV, 2000 WL 303145 (D. Kan. March 21, 2000).

[12] Fed. R. Civ. P. 37(c)(2).

[13] *Moses v. Halstead,* 236 F.R.D. 667, 680 (D. Kan. 2006) (citing *Jones v. Rent a Center Inc.*, Civ. A. No. 01-2320-CM, 2002 WL 924833, at *1 (D. Kan. May 2, 2002) and *Audiotext*, 1995 WL 625744, at *4).

address the sufficiency of any response.[14] When ruling on a motion to determine the sufficiency of answers or objections to requests for admission, the court must consider the phraseology of the requests as carefully as that of the answers or objections.[15]

### 1. Request for Admission No. 82

Defendant's Request for Admission No. 82 asks Plaintiff to admit that:

Results of tests upon sample bags removed from the main baghouse in July 2001 were not been given [sic] to the defendant.

Plaintiff objected to the request on grounds it "assumes facts not in evidence." In response to the motion, Plaintiff argues the request is objectionable because it assumes that the results of the tests on the sample bags were provided to Plaintiff, who did not give them to Defendant. Defendant argues that Plaintiff inappropriately infers language in the request that does not exist. It also suggests that Plaintiff has admitted in Request No. 81 that test sample bags were removed from the main baghouse in July 2001, and that tests were conducted on those sample bags.

To answer the request does not require Plaintiff to admit that it received the test results. It merely asks Plaintiff to admit that Defendant did not receive the test results, regardless of who may have had them. Plaintiff should be able to answer the request by admission or denial, or both with its own explanation, or otherwise respond that it does not know after having made reasonable inquiry. The Court directs Plaintiff to answer Request No. 82.

### 2. Request No. 84

Defendant's Request No. 84 states:

---

[14]*Audiotext*, 1995 WL 625744, at *4.

[15]*Id.* at *2.

> The plaintiff claims that on September 10, 2001 a wire cutting occurred, which event did not result in physical damage and did not necessitate repair and replacement.

Plaintiff objects to this request as vague and ambiguous because it does not refer to specific physical damage to specific objects. The court finds no merit in the objection. Reasonable reading of the request is that it refers to *any* physical damage resulting to *any* objects or property.[16]  The Court directs Plaintiff to answer Request No. 84. If appropriate, it can specify part of the request as true and qualify or deny the remainder with appropriate explanation.

### 3. Request No. 102

Request No. 102 states:

> BHA's October 1, 2001 nullification of its bag warranty for the bags in the main baghouse was based on mistaken temperatures from an incorrectly labeled recording channel.

Initially Plaintiff objected to this request as argumentative. In response to the motion it added the objection that the request is vague because it is not specific as to which temperatures and what was incorrectly labeled. Plaintiff further states that it does not understand the reference to "recording channel."

Defendant argues that Plaintiff waived its objection of vagueness by failing to assert it in its initial answer to the request for admission. The Court agrees. Plaintiff asserted an objection only that the request was argumentative. Rule 36(a) provides that, if a responding party objects to the request for admission, it must state reasons for the objection. Plaintiff has waived the objection that the request is vague.

---

[16]*See Ice Corp. v. Hamilton Sundstrand Inc.*, No. 05-4135-JAR, 2007 WL 1297120, at *16 (D. Kan. Apr. 30, 2007) (overruling vague and ambiguous objection to request for admission because the responding party could easily use reason and common sense to interpret phrases used in the requests for admission).

In its initial answer Plaintiff did object that the request was argumentative. The Court will consider that objection. Plaintiff characterizes the request as argumentative for its use of the words "mistaken" and "incorrectly labeled." Defendant submits that the request is not argumentative; inasmuch as Rule 36 authorizes requests that "relate to statements or opinions of fact or the application of law to fact." It submits that its representative has testified that the nullification was based on information given to BHA by Plaintiff. Plaintiff has admitted, moreover, that it provided incorrect information about the temperature in the main baghouse.

The Court finds no merit in the objection that the request is argumentative. It is essentially a statement of fact or of multiple facts to which Plaintiff can readily admit or deny or state that it does not know after reasonably inquiry. Or it can admit the request in part and deny or otherwise qualify it in part, consistent with Rule 36(a). The Court directs Plaintiff to answer Request No. 102.

### 4. Request Nos. 154, 215-17, and 225

Requests for Admission No. 154 asks whether "[Plaintiff] knew of the mislabeling of the 'baghouse inlet-spray exit temperature data channel' as early as September 25, 2001."

Request No. 215 asks Plaintiff to admit or deny that "[t]he main baghouse compartments originally coated with Thurmalox 2600 experienced coating failures within three months of first service heat."

Request No. 216 asks Plaintiff to admit or deny that "[t]he main baghouse compartments refurbished with Thurmalox 2600 experienced coating failures within three months of first service heat."

Request No. 217 asks Plaintiff to admit or deny that "[t]he main baghouse compartments refurbished with Thurmaline Flu-Gard experienced coating failures within three months of first

8

service heat."

Request No. 225 asks whether "[a]fter preparation of document number AG26-0224, the data channel labeled as baghouse inlet-spray exit temperature channel was changed to the gas conditioning tower exit temperature channel."

Plaintiff objected to each of these five requests for admission as vague and ambiguous in its initial responses. In response to the motion it asserts it does not know the meaning of some of the terms used in the requests. They include the following: "data channel;" "coating failures;" and "temperature channel." It further points out the document identified in Request No. 225 (AG26-0224) does not use the term "temperature channel."

Defendant argues that Plaintiff waived its vague and ambiguous objections by failing to support them with specificity in its initial response. The Court finds that Plaintiff's assertion of vague and ambiguous objections to these requests in its initial answer does suffice to preserve the objections.

Defendant further argues that the objections lack merit because the requests refer to specific locations of Plaintiff's plant, to a specific coating, and to a specific time period. Plaintiff has admitted, moreover, that refurbished baghouse compartments experienced a catastrophic failure within four to six weeks of a refurbishment.

Although Plaintiff states it does not know the meaning of certain terms used in the requests for admission, it was able to admit two other requests for admissions that used the terms "temperature channel" (Requests No. 184) and "coating failures" (Request No. 214). Plaintiff has not sustained its burden to show that any of these requests are too vague or ambiguous for it to provide appropriate responses within the meaning of Rule 36. Plaintiff can admit or deny the

9

requests that contain undefined terms based upon its own definition of the terms.[17] Rule 36 provides ample flexibility for Plaintiff to admit or deny in whole or in part or otherwise to provide legitimate reasons for any supposed inability to admit. The Court directs Plaintiff to answer Request Nos. 154, 215, 216, 217, and 225.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel is sustained in part and overruled in part as hereinabove set forth. Specifically the Motion is denied as to the following numbered requests: 20-22, 32, 52, 65, 89, 103, 141-42, 151, 158-60, 167-168, 208-09, 250-251, 257, and 349.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel is granted as to Request Nos. 82, 84, 102, 154, 215-217, and 225. **Within 15 days of the date of this Order**, Plaintiff shall serve Defendant with its answers to these requests for admission.

**IT IS FURTHER ORDERED** that an award of costs and expenses is not appropriate under the circumstances.

Dated in Kansas City, Kansas on this 16th day of August, 2007.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

---

[17]*See Audiotext,* 1995 WL 625744, at *6 (allowing plaintiffs to admit or deny requests for admission that contained undefined phrases by defining the phrases themselves).